ARTHUR KRAUS, complainant-appellant,

*v.*

HERMAN F. G. HARTUNG et al., defendants-respondents.

[Submitted May 27th, 1932. Decided October 26th, 1932.]

*Mr. Samuel Koestler,* for the appellant.

*Mr. Daniel L. Campbell,* for the respondent Fidelity Union Trust Company, trustee.

*Messrs. McCarter & English,* for the respondent Empire Bond and Mortgage Corporation.

The opinion of the court was delivered by

PARKER, J.

The vice-chancellor dismissed the bill as against the respondents above named. We think he was right in so doing, but find ourselves unable to subscribe to his opinion in all respects.

The bill is a foreclosure bill filed by a second mortgagee in whose mortgage it is expressly recited that it is "subject and subordinate" to a mortgage by Passaic Arms, Incorporated, to Fidelity Union Trust Company, as trustee, dated, &c., "for $215,000." See *108 N. J. Eq. 507* (at *p. 508*). But the bill does not stop with a prayer for foreclosure, in which aspect the complainant is at liberty to proceed with it. It goes farther, and brings in the first mortgagee, challenging the amount advanced on that mortgage, and joining also the Empire Bond and Mortgage Corporation, which seems to be a financing concern whose connection with the matter is to apply the proceeds of sale of bonds secured by the first

mortgage to certain payments due and to grow due under a building contract executed by Passaic Arms, Incorporated, after paying a commission to the Empire Company and reserving about $14,000 to meet a year's interest as it comes due. The bill as amended states specifically that the "sole and only purpose" of bringing in the two respondent companies is to obtain a judicial determination of the amount of money due on the mortgage of $215,000 so that in case of sale complainant may comply with the statute of 1906 (*P. L. p. 269*), requiring a statement of liens and encumbrances with their approximate amounts, as a guide to intending purchasers. The bill alleges that the respondents have not advanced any such sum as $215,000 under the mortgage, appears to challenge the propriety of the commission, and prays an accounting by them of moneys paid and received on account of the mortgage.

It is to be noted that the bill makes no offer to redeem from the first mortgage; nor does it pray that the property be sold to satisfy the first mortgage according to its priority and amount. What it seems to seek is a decree fixing the amount recoverable under the first mortgage so that the holder thereof will be estopped to claim more as against a purchaser under complainant's mortgage.

In general, a prior mortgagee is not a necessary party to the foreclosure of a junior mortgage. He may properly be joined where there is an offer to redeem. *Hudnit* v. *Nash, 16 N. J. Eq. 550*. Or, where he consents to come in and prove his prior claim in the foreclosure of a junior mortgage. But he cannot be compelled to do so. *Gihon* v. *Belleville White Lead Co., 7 N. J. Eq. 531*. But these respondents are not brought in for either purpose. They are asked to prove the first mortgage and the amount due thereon, purely for the convenience of the second mortgagee, and in the face of two important facts: first, that the recital in complainant's mortgage estops him from claiming that any less amount is due on the Fidelity mortgage; and secondly, that the Fidelity mortgage is a trust mortgage to secure negotiable bonds in the hands of innocent holders and consequently variable in

amount according to the bonds outstanding. Hence, proof at this time of the amount of such bonds would be of no value, and would bind no one at complainant's foreclosure sale. *Jerome* v. *McCarter, 94 U. S. 734; Central Trust Co.* v. *Continental Iron Works, 51 N. J. Eq. 605.* The statute of 1906 will be satisfied by announcing the face amount of the $215,000 mortgage leaving the purchaser at a sale to make his own inquiry of the mortgagee. As to the Empire Company, its status is not made very clear by the bill, but it suffices to say that the substantial rights involved are those of the holders of the mortgage bonds, and as noted, they are fluctuating in amount.

The two respondents not having been made parties for any proper purpose, the bill was properly dismissed as to them.

We see no reason to interfere in the matter of counsel fees awarded or withheld by the vice-chancellor. The decree under review will be affirmed.

*For affirmance*—THE CHANCELLOR, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, BROGAN, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ.   14.

*For reversal*—None.